IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CARLOS OVIDIO VILLATORO,
    *Petitioner*,

v.

JOSEPH SIMON, *et al.*,
    *Respondents*.

1:25-cv-2255-MSN-IDD

ORDER

Petitioner Carlos Ovidio Villatoro ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I) and his due process rights (Count II).

Petitioner is currently detained at the Farmville Detention Center, an immigration detention facility within this Court's jurisdiction. He has sued Jeffrey Crawford, the warden of that facility. He has also sued Pamela Bondi, the Attorney General; Kristi Noem, the DHS Secretary; Joseph Simon, the Director of ICE Enforcement and Removal Operations' Washington Field Office; DHS itself; and the Executive Office for Immigration Review (collectively, "Federal Respondents").

In response to the Court's Order of December 5, 2025 (ECF 2), Federal Respondents have confirmed that the factual and legal issues in presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez*, 1:25-cv-1792 (E.D. Va.). ECF 4. Accordingly,

the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count II.[1]

### I. BACKGROUND

Petitioner is a citizen of El Salvador. Petition ¶ 47. He has resided in the United States for 17 years. *Id*. ¶ 46. On November 7, 2025, Petitioner traveling in a work van when he was stopped arrested by ICE agents at a vehicle checkpoint. *Id*. ¶ 47. Federal Respondents have since detained him at Farmville Detention Center in Farmville, Virginia, within the jurisdiction of this Court. *Id*. He requested a bond hearing pursuant to federal immigration law and *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-cv-1873, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). Accordingly, Petitioner has been scheduled for a bond hearing on December 9, 2025 but states that his bond request is "likely to be denied by the Immigration Judge ["IJ"] in Annandale Immigration Court have been consistently claiming no jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (BIA 2025)." *Id*. He thus fears "stay[ing] in unlawful detention indefinitely" absent this Court's intervention.[2] *Id*.

### II. ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right

---

[1] Because the Court grants the Petition as to Count II, it need not address Petitioner's other claims.

[2] For their part, Federal Respondents have not directly responded to Plaintiff's suggestion that he will ultimately be refused bond by the IJ for lack of jurisdiction pursuant to *Matter of Yajure Hurtado* despite the ruling in *Maldonado Bautista* and the fact that he has been scheduled for a bond hearing. Rather, they have asked the Court to incorporate the filings from *Servellon Martinez*, in which the petitioner had been unable to obtain a bond hearing outright. Thus, the Court will assume that, absent this Order, Petitioner will be refused bond by the IJ for lack of jurisdiction.

to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id*. at 5-14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id*.

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8-9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to

---

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

3

mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for seventeen years and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before IJ, in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates his right to due process.

### III.   CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Federal Respondents provide Petitioner with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 7 days of the entry of this Order; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that to the extent that Federal Respondents have already provided Petitioner with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) and an IJ has granted

4

Petitioner bond, Federal Respondents will immediately release Petitioner upon his posting of the bond; and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

December 10, 2025
Alexandria, Virginia